RECEIVED
U.S. COURT OF APPEALS
10TH CIRCUIT
2026 SEP -3 AM 9:56

Clerk's Office

U. S. COURT OF APPEALS FOR THE TENTH CIRCUIT

1823 Stout Street

Denver, Colorado 80257

(303) 844-3157

Carl E. Watson

Appellant,

v.                                                    Case No. 26-3109

Attorney General of Kansas, et al

Appellee.

**OPENING BRIEF**

Carl E. Watson

7130 W Maple St., Ste 230,

PMB 241,

Wichita, KS 67226.

cewatsonengr@aol.com

913-712-0194.

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

Office of the Clerk

Byron White United States Courthouse

Denver, Colorado 80257

303-844-3157

| | |
|---|---|
| Plaintiff/Petitioner – Appellant, | Appeal Case No. 26-3109 |
| Carl E. Watson | Appellant/Petitioner's |
| v. | Opening Brief |
| Defendant/Respondent – Appellee, | |
| Attorney General Kris Kobach, al, et. | |

---

## Appellant/Petitioner's Opening Brief

### I. Statement of the Case.

A. **First:** I informed the Court on August 13, 2025, and the Kansas [KS] Attorney General [AG] in my original complaint [Doc. 1] that I never had a "USPS PO Box" in "Warner Robbins, Georgia" [GA] or a GA driver's license anywhere based upon a printout given to me by two employees at different visits at the KS DMV in the spring-summer of 2025 and prior to my filing. KS

the

has never proven that I had either one of these items, so I sued GA too in August 2025, in another case. [6:25-cv-01184-EFM-BGS] and [26-3039]

1. **Second**: This case should have been resolved in my favor early after I had tried to file this case against the KS Department of Revenue [DOR] and after the Attorney General had received my receipt from the GA Department Drivers Service [DDS] for $25.00. [EX. 1E]

a. One EVIDENCE DATED JULY 9, 2025. [EX-1B] REDACTED, ABOUT MY PAYING A FEE. [DOC. 8] AUGUST 28, 2025.

2. **Third:** The Court was notified THAT I BECAME PARTIALLY BLIND IN MY LEFT EYE IN OCTOBER '1971 and that my right eye was diagnosed with Glaucoma in 2009 at the Veterans Health Administration [VHA] or hospital in Nashville, TN;

a. The Court was informed that I have multiple disabilities that began in 1968 in the Army. [Submitted with my motion for more Time]

b. My dental condition is in a disabling condition with substantial limitations.

3. **Fourth:** The Defense for the KS Attorney General [AG] is listed as the Assistant Attorney General named Todd and he made it very clear that he had not read my additional pages, 7-16 attached to my original complaint. [Doc.1]

a. Todd falsely indicated that I had not listed my race on Doc.1.

4. **Fifth:** The GA Law states that a "Safety Responsibility, suspension" listed in the GA Motor Vehicle Report [MVR] that the white female DMV asked me to get is a general statement that does not specifically stated any violation.

a. The defamatory GA license number is not my number as it was presented to me by the KS DOR in the document as I have never had a GA driver's license.

5. **Sixth:** I presented my TN MVR to the Court as asked by a white female DMV employee, and the two Judges have not said or typed anything in my support in this Court.

a. My TN MVR supports my statement that I did not have a GA driver's license in 1999 or ever.

the

6. **Seventh:** I was not given an opportunity to ask the Defense to Discover GA proof that I had a GA driver's license in 1999 and a USPS PO Box in 1999.

a. A Pretrial Conference opportunity was not given with me.

7. **Eighth:** The Court and AAG Todd were told about the Information Counter at the KS DMV being too high for seated Handicapped Individual such as me in violation to the Building Code/Access Code, on all four occasions.

8. **Ninth:** AAG Todd had falsely written that I had alleged my visits by myself after I had written that I had a driver with me all four times of our visits.

9. **Tenth:** AAG Todd was given more time twice after he was given almost three weeks of time by the clerk on 09/22/2025. [Doc. 10]

a. Severson's ORDER granting as unopposed, Doc. 11, ... is extended to 11/12/2025 or almost two months to Todd. [Doc. 12]

10. **Eleventh:** A clerk in Doc. 13 had falsely alleged that I had "MOTION to Amend [my] Complaint" to my original complaint ["Doc. 1"]

11. **Twelfth**: Severson entered an "ORDER granting 13 Motion to Amend Complaint. Under Federal Rule Civil Procedure 15(a)(1), a party ... no later than 21 days ... is served." "AMENDED AND SUPPLEMENTAL PLEADINGS".

a. I had submitted a second complaint form to add a defendant, but it was listed as an "AMENDED COMPLAINT ... filed by Carl E. Watson" [me] dated on 10/28/2025. [about Doc. 13, 14, and 15]

12. **Thirteenth:** The "CIVIL COVER SHEET re 15 Amended Complaint" was not for an amended complaint by me dated 10/28/2025 as it states

14. **Fourteenth**: AAG Todd cannot present his Dismissal Motion and Memorandum regarding the "Amended Complaint" with Doc. 17 and 18.

15. **Fifteen:** My first motion under the ADA of 1990 and Section 504 of the RA of 1973 was denied illegally for Doc. 20 in Doc. 21 without prejudice.

**a.** My Objection Motion's reconsideration for my first Motion was not a "renewed request" as Severson has indicated in [Doc. 25].

the

16. **Sixteenth**: I was still trying to get the Court to correct the alleged Amended Complaint on Doc. 28.

a. And the Dismissal, on Doc. 17 and Memorandum about Doc. 18.

17. **Seventeenth:** Severson gave me twenty-five days when I had requested for two months on Doc. 20 and Doc. 22. [Doc. 25]

a. I, a handicap must motion again for the Court to Extend my Time. [Doc. 28]

18. **Eighteen:** On February 9, 2026, [Doc. 30], Severson "ORDER [ME] TO SHOW CAUSE", five days after she had just ORDERED me in Doc. 29 to respond to the Defendants motion to dismiss by April 3, 2026.

a. Severson gave me it until February 20, 2026, or just eleven days after she ORDERED me to respond.

19. **Nineteenth:** Besides being a handicap, the Court was informed that my Pacer Account has not been working for months.

a. I had to request the clerk to give me the cost of the documents so I could pay the fee for them to send copies.

20. **Twentieth**: The "Report and Recommended" by Severson to Dismiss my charge against the DOR under F.R.C.P. 4m, 02/23/2026.

a. First, I had a "good cause" under 4m on 02/09/2025 on Doc. 30 because I am handicapped with multiple disabilities.

b. Secondly, my complaint is not an Amended Complaint as repeatedly listed.

21. **Twenty-one:** Severson Ordered me to show a Good Cause for Doc. 30 by 2/20/2026 on 02/09/2026 or in eleven days.

a. Severson just Ordered a Non "Reconsideration" as she has just given me the two months, I had Emergency Motion on 02/04/2026. [Doc. 29]

22. **Twenty-two**: Whether Severson and the District Judge have still been illegally trying to get me to accept the "Amended Complaint" Doc. 15?

the

a. I added the DOR except I struggled to find the Secretary's address, but I did find it then I learn the Director of Vehicles Services name and I email her.

23. **Twenty-three**: Whether I motioned for the Court to strike through my name on Doc. 15 to cancel the document on Doc. 34? [Doc. 35]

a. I am Motioning to Amend back to my original claims again or the Appeals Court should ask the District Court to void the Amended Complaint.

24. **Twenty-four:** I submitted my Motion for Time for the Defense's Report and Recommendation on Doc. 38, but it was illegally denied? [Doc. 39]

a. The Order by Severson was illegal and Judge Melgren's inconformity is also illegal. [Doc. 40 and 41] ADA of 1990 and Section 504 of the RA of 1973.

25. **Twenty-five:** Order adopting Report and Recommendation 31 was illegally granted as my Time was denied and granting 17 was also illegal because even though the Secretary has resigned, the Director of the Vehicle Division is valid.

a. I must wait for them to give me their address.

**II. Statement of the Facts Relevant to the Issues Presented for Review**

A. My TN MVR and my statements prove that I did not have a GA driver's license, and the GA DDS or the GA AG have not proven that I had a PO Box.

B. The KS AG or DOR have not presented any USPS documents to prove that I had a USPS PO Box in GA or a GA driver's license under the GA Laws.

1. I received false written information at the DMV off 21st on our second trip.

**Argument and Authorities**

1. My TN MVR states that I placed a change of address in "98" and my two oldest daughters can testify that we arrived in Mississippi [MS] from our new four-bedroom house in 1989 from California [CA] and then we moved to Memphis, TN in January 1990 to live in a two-bedroom apartment.

the

a. I informed this Court that I was diagnosed in 1990 at the VHA in Memphis with Intervertebral Disk Syndrome [IVDS] in my lumbar area of my back - handicap, which I had injured in 1968 in the Army. I was treated in 1970 in the Army and discharged in 1971. My pain notably increased in 1988 from 1-3 [minor pain].

b. The Court was also informed that I lost partial eyesight in my left eye in October 1971, and I would not have applied for a driver's license in GA or any other state during that time because of my substantial limitations in sitting, standing and walking due to my IVDS in the 90's.

c. My two oldest daughters and I had moved to Mississippi [MS] in 1989 to visit our/two siblings' mother after she had moved back to MS where she had not been back since she was eighteen, and now turning seventy years old. I was worried about her as she had not responded to my letters in 89 and my two siblings did not know where she had moved backed to St. Louis or MS. She had moved into her parents' house given to her years ago.

d. The GA DDS, the GA AG, the KS AG or the DOR have not proven or explained why neither have presented any proof that I "applied" for and that GA "accepted" an application for a GA driver's license under the GA Law that states that GA must have the "application number" and the number that states that GA asked for and had received my TN driver's license in exchange. [Ga. Comp. R. & Reg. – Rule 375-3-1-.02. Applications and Supporting Document]

2. No document has been presented that I signed on any documents for an alleged GA driver's license. [6 CFR Section 37.11 (b)] The Declaration.

a. No picture on a GA driver's license has been presented in compliance with GA and Federal Law; [6 CFR Section 37.17 (e)] Surface of a driver's license.

b. No address has been provided where I lived in GA based upon two signed documents under GA Law; I did rent a GA apartment only for one month. [6 CFR Section 37.17 (f)] - Address of principle GA residence.

the

c. No information that I presented my TN driver's license which was the only identification that I always carried or possessed and needed to drive; [6CFR Section 37.17(d) and Rule 375-3-1-.02(6)] Requirements ... of the driver's license and my "previous" TN driver's license to substantiate my residence.

**Note1: My TN MVR states that I still had my TN driver's license in 1998 the year before 1999 and the GA MVR falsely states that a GA driver's license was "issued :07-Apr-1999" and under "Withdrawal(s)" an alleged "Violation Date: 20-Jan-1999"** THE VIOLATION DATE IS PRIOR TO THE ISSUE DATE. CONTRADICTION AND NOT EVIDENCE UNDER THE FEDERAL EVIDENCE LAW.

**"Effective Date: 09-Aug-1999". WHAT DOES THIS MEAN? IRRELEVANT**

**"Description: Safety Responsibility, Security"** I DIDN'T KNOW WHAT THIS IS AND IT DOES NOT INDICATE THAT I PAID $25.00 FOR THIS IN 2025 AND I PRESENTED A RECEIPT FOR THIS. THE GA MVR LIST "NO VIOLATION".

**"Non-Commercial Privilege: Suspension"** GA OR KS HAVE NOT PROVEN THAT I HAD A GA DRIVER'S LICENSE AND THERE ARE CONTRADICTIONS AS I HAVE LISTED ABOVE.

**NOTE-2: MY TN MVR NEVER INDICATES THAT I EVER APPLIED OR RECEIVED ANOTHER TN DRIVER'S LICENSE BETWEEN 1998-2025.**

3. No proof that I provided an Optometry examination to any GA DMV in compliance with all states laws and as I have done after 1971. [GA Law]

4. I was charged $25 for the "Safety Responsibility" online in 2025 that I submitted to the Court.

a. I was diagnosed in 1990 as being Handicapped that substantially limited me in sitting, standing, pushing, pulling, and walking, just to name most, nine years prior to KS and GA falsely alleged that I got a GA driver's license with a disability in my lower back after I worked a temporary job with no proof.

b. The GA receipt listed that I had paid for a "Safety Responsibility, suspension" which was not described so I looked it up and it listed many

the

possible violations that one can cause, but it never indicated who they are referring to. **The GA MVR list the "safety responsibility, security" that IS A** CONTRADICTION.

5. No other accident has been proven to have occurred with my involvement with my back by the VA since 1968 that was rewarded in 2020 by the VA.

a. No evidence has been proven that I did not have auto insurance in 1999, or any other violation in GA in 1999 or any year while I was driving.

6. I drove a car that was registered in TN in the 90's and had a TN license plate on my vehicle while in GA, and KS has not contradicted my evidence.

7. Under GA Law they were supposed to notify the State of TN, whatever is the proper agency for my driver's license while GA never notified TN, but it notified KS several hundreds of miles away while TN Stateline touches the GA state line in the eastern area of the TN State.

a. While in Memphis I was close to Columbus, MS [168 miles] where our mother had moved and where TN touches the MS Stateline on the western side of TN.

8. The KS AG Office or the Court have not accepted my statements and evidence as true, and they have not investigated or questioned my $25 receipt of the GA MVR by the GA DDS.

a. The fact that I paid a $25 fee, then the fee should have been in the GA MVR and cleared the alleged "suspension", except the Court or AAG Todd have not accepted my facts and evidence presented. Biased Judges.

b. First, based on the evidence, Safety Responsibility, suspension is not specifically a violation proven to be about me or anyone for that matter.

9. I want to submit a copy of Safety Responsibility to show how general the terms are, if asked as I am being rushed as a Handicap.

10. I am submitting some copies of my USPS, UPS and private mailbox listings to show how GA should look at various businesses. [EX. S1-17]

the

a. Under GA Law I should have shown GA addresses from two different sources addresses as I have with my TN addresses and CA state addresses above. Under the USPS PO Box Policy, two documents are needed to prove that I had a USPS PO Box in GA. No evidence has been presented by KS.

**Authorities:**

11. **Obstruction of Justice:** that involves two states conspiring against me with Defamatory statements falsely alleging that I had a GA driver's license and a USPS PO Box in Warner Robbins, GA under Libelous statements.

a. **Biased:** On August 13, 2025, I presented my statements in my Original Complaint in KS to this Court. The Judges were appointed in **August** and I Motioned for the Court to ask the Marshal's Service to serve my complaint and Summons to the KS AG. Todd made his appearance in September and most of my evidence had been presented by August proving my statements.

b. The Appeals Court should give me an opportunity to MOTION the District Court for my right to ask the Defense to: **DISCOVER PROOF FROM THE GA AG AND OR THE DDS WITH EVIDENCE THAT I HAD A DRIVER'S LICENSE AND A USPS PO BOX UNDER THE GA LAW AND USPS POLICY. GA HAS NOT PROVEN THAT THE DRIVER'S LICENSE NUMBER GIVEN TO ME BY THE KS DOR WAS MINE BASED UPON MY SSN, DOCUMENTS AND SIGNATURES.**

**Under F.R.C.P. Section 34, Producing documents, Electronically Stored Information, and Tangible Things, ...; F.R.C.P. Section 26 Duty to Disclose;**

c. Based upon Georgia's Laws, GA has not proven under the Federal Rules of Evidence that I ever had a GA USPS PO Box and because the GA DDS has not proven that it has my picture, signature or two documents signed by me about me then the accusations are false/defamatory libelous statements.

d. I was a "non-resident" under GA Law, who stayed in GA for less than "90 days" with a TN driver's license that had a change of TN address in "1998". I have presented information that I received my TN driver's license in 1990, and I was seen at the VHA in Memphis in 1990-94. I attended and graduated from a two-year college, Memphis Technical Institute in 1992-94 and attended a four-

the

year university in 1994-97 not graduating because my disabilities were just too much for me to complete my last year. As I had stated, we lived at 2881 Julius Lewis, Memphis, TN 38118 from 1990-98. My oldest daughter left sooner, and my second oldest daughter moved into Memphis State's housing in 98.

1) I have stated that the Education Department [ED] granted my Total and Permanent Disability Application in 2012 indicating that I cannot return to a university w/o a doctor's note indicating that my condition has improved.

NOTE:

e. Kansas Highway Patrol [KHP] was known for harassing out-of-state drivers and minorities for traveling through KS for no legal reason in [Shaw et. al v. Jones et. al,] on January 30, 2020, was filed in the U.S. District of Kansas and [Vasquez v. Lewis in 2014 and 10th Circuit of Appeals in 2016].

1) I charged KS AG and I tried to add the Secretary of the Department of Revenue with two counts of Defamation/Libelous statements, but the Secretary is a tax attorney over the KS DOR. I had difficulty finding his address for the Secretary of the DOR with all that I had to do and two disabling eyes. **The Secretary of DOR has retired on July 31, 2026, after I sent my complaint to him. I was told that there is a director named Deann Williams of the Division of Vehicles/DOR by Disability Rights Center of KS.**

f. The Court discriminated against me as a minority, male, Age at 77 years of age in 2025 and a Handicap with multiple disabilities, in violation to Title VI Civil Rights Act of 1964; ADA of 1990 and Section 504 of the Rehabilitation Act of 1973 as reported to the Executive Committee at the 10th Circuit Ct of Appeals.

g. Federal Rules of Evidence: Rule 102 [fairly and evidence]; Rule 103 [Rulings]; Rule 302 [state law]; Rule 401 [relevance]; Rule 901(a)(7)(A)(B) and (a)(8)(A)(B)(C).

h. The supplement in 42 U.S.C. SECTION 1983, Fourth Amendment for denying me from getting a KS driver's license and costing me tens of thousands of dollars by forcing me to hire drivers. Preventing me from getting

the

a lift purchased and installed. Delaying my getting my teeth extracted, getting implants, slowing down my property purchase and having a house built and from buying a new 2026 vehicle. Slowing me down from getting my medical treatment, slowed me from labeling my medications holder and delaying me from getting my control part and batteries installed on my original w/c. Delaying me from cleaning my ears determine by my PCP in March 2026. I need to review the results of my nerve examinations in 2026. I need to move the remaining boxes to the garage before it gets colder, and I need to have at least two duffle bags of my clothes that need to be pressed and folded at the cleaners because I cannot after they were in boxes for so long. KS is the first state to deprive me of a driver's license after I received a KS driver's license in the late 70's and preventing me from driving in over sixty years. I need to get my $3000 from that one dentist that I trusted before it gets too late. I need a pedicure badly and I need to get my carpet cleaned last month. I need to get a healthcare worker to replace my shower curtains.

a) 42 U.S.C. SECTION 1981, 1983, 1985, 1986 and 1992.

**B. Second Issue:**

**Argument and Authorities:**

1. The clerk falsely alleged that I motioned the Court to "amend" my original claims. [Doc. 13]

2. Severson "MOTION" 13 that I never motioned for the Court to "Amend Complaint" or any complaints.

a. Severson falsely modified what F.R.C.P. 15(a)(1) stated where:

Severson wrote: "a party may amend his complaint …no later than 21 days after a responsive pleading is served."

THE RULE STATES "(a)(1) Amending … no later than:"

"(A) 21 days after serving it, or"

"(B) if the pleading …pleading is required, … whichever is earlier."

the

**I am asking the Court to look at:**

**How Severson amended Rule 15.**

**(1)(A)(C) ... by Rule 4(m)... I had a disabled reason.**

a. I did motion to amend the Defendant to add the Secretary of Department of Revenue, who I learned would retire on July 31, 2026, states the Governor, so I will have to charge the Department of Revenue. [Doc. 15] Except I did not have the address yet. I asked the Justice Department and a states agency to help.

3. I tried to explain that I thought that I needed to present a second complaint form and the cover form as I had submitted the first time with my original complaint form, so a clerk would send me a summons again for me to serve.

a. I am being told that the highest person is now the Director of Division of Vehicle under the Department of Revenue while I blame them all.

4. I did motion for the Court to draw a line through my signature to delete the second complaint presented because I was struggling to see documents as I have stated because my Pacer account was not working until August 2026.

a. Severson denied my motion and allowed the Amended Complaint to continue. First the Appeals Court needs to see how a clerk made an ERROR while Severson as I have stated falsely indicated that I MOTIONED to Amend my complaints while I indicated that I had motioned to amend one Defendant. Or, I have the right to amend my claims back to the original claims.

5. Since I did not motion to amend my claims, I should get an opportunity to amend my claims back to the original complaint.

a. F.R.C.P. Rule 15 states that I could amend my pleading and I never, as Severson has written that I motioned to amend my complaints while my email sent to AAG Todd that I had planned to only add the DOR. And the next document supported that I motioned to amend by adding one Defendant. [Doc. 15]

the

**Rule 21. Motions to the Court;**
SUBMITTING ANOTHER COMPLAINT FORM IS NOT A MOTION TO AMEND MY CLAIMS.

**The ADA of 1990 and Section 504 of the Rehabilitation Act in 1973, as I am a handicap with multiple disabilities, so I am substantially limited in Major Life's Activity as indicated and I make mistakes.**

6. Article 51: 75-5158 states that the Secretary of the DOR is responsible for complaints about our driver's license except he has retired.

a. Article 51: 75-5157 states that someone else must be assigned to replace the Secretary except it is not listed. Any district court may order.

b. Article 51: 75-5135 states that the DOR can receive federal or other funds.

c. Article 51: 75-5134 states that the manager of revenue of the DOR shall be the manager under DOR.

d. Article 51: 75-5127 states that the director was in charge of her division.

e. Article 51: 75-5125 states that the governor must resolve the situation of power.

f. Article 51: 75-5123 states that any tradition; preservation of civil rights of action and proceedings; The court may allow any such suit, ...

g. Article 51: 75-5122 is about the appointing authority; Each administrative head shall appoint, subject to the Kansas civil service act, ...

h. Article 51: 75-5121 is about attorneys for DOR. The Secretary may appoint attorneys.

**C. Third Issue:**

**1. Severson Ordered me to Show Cause my claims against the KS DOR.**

**a. Arguments and Authorities: 42 U.S.C. SECTION 1981 [EQUAL RIGHTS]; 1983 [DEPRIVATION OF RIGHTS]; 1985 [Conspiracy to interfere with civil rights]; and 1992 [SPEEDY TRIAL].**

the

1. I struggled to find the Secretary of DOR address online first because I am a handicap with multiple disabilities. He **has now retired on July 31, 2026.**

a. Secondly, I have another related case. [6:25-cv-01184-EFM-BGS] THIS CASE WERE CHARGES AGAINST THE GA DDS AND AG.

b. Thirdly, the DOR website only gave me information on how to get in touch with mostly Tax filings, how and where to apply for a driver's license and register one's vehicle. Once I found it several months later, then I misplaced the sheet I had written it on a sheet of paper. I am not good with paper due to either writing on or touching paper. I have tingling in both of my hands.

c. Fifth, I am complaining about how Todd was treated better than I after he first announced his appearance on 09/22/2025 [Doc. 9] then the clerk Extended the Time for twenty-two days. [Doc. 10]

d. I had to Seal Doc. 6 to Redact the document due to my missing some private information not marked above prior to submitting it to the Court. I resubmitted the redacted private information correction a week later. [Doc. 8]

e. Severson Ordered granting Todd's unopposed petition for an Extension of Time for over a month plus the over three weeks already given. [Doc. 12]

f. As I have already complained that I did not Motion to Amend my complaints as the clerk indicated in Doc. 13, so I have to deal with Severson in Doc. 14, Ordering and granting Doc. 13 for a motion that I never filed as it states in Doc. 12 and 13.

g. The clerk again falsely states that I AMENDED COMPLAINT complying with Severson's order. [Doc. 15]

h. I have dealt with a clerk who continues to allege that my Civil Cover Sheet is for an Amended Complaint. [Doc. 16]

i. My complaint is that on Doc. 20 when I Motioned for an Emergency Correction as I included seven EXHIBITS and an Extension of Time only to have Severson to deny both my motions without any reasons why. [Doc. 21]

the

j. This forced me in just over a week [nine days] to have to ask the Court to reconsider my motions. [On 12/19/2025 on Doc. 22]

k. Question: I was asking if there is more than one Judge. No one answered my question, but I learned later that there was another Judge.

l. As I am complaining of how only Severson responded on January 12, 2026, granting my Objection/Motion [DOC. 25], twenty-four days later from 12/19/25.

m. Then she only gives me a handicap, less than a month or twenty-five days to respond to Todd's Motion to Dismiss [DOC. 17] and his Memorandum written in December of 2025, even though she had denied my first motion.

n. I motioned for two months while Severson only gave me less than one month from the time she responded after my second motion.

**IN AUGUST 2025**

**THE COURT HAD RECEIVED MY INITIAL COMPLAINT [DOC. 1]**

**Rule 21. Motions to the Court;** **42**
**U.S.C. SECTION 1981, 83, 85 and 1992.**

**IN SEPTEMBER 2025**

**Todd Assistant Attorney General made his Entry of Appearance. [DOC. 9]**

**Severson has discriminated against me twice in violation of the Civil Rights Act of 1964 as she is white and so is the other Judge and Todd.**

**Severson has been reported to the Executive Committee of being unfair.**

**Severson has discriminated against me twice with the ADA of 1990 and the Rehabilitation Act of 1973 by denying my first motion for an extended amount of time and for the second time for giving me less than a month.**

o. Severson's response forced me to have to motion for her to give me more Time [DOC. 28] forcing me a handicap to ask this Court three times for

the

Extended Time from 12/08/2025-02/03/2026 causing me excruciating pain and suffering in violation to the Eight Amendment to the Constitution.

p. I complained about the alleged Amended Complaint with the EXHIBITS in [DOC.20]

**C. Fourth Issue:**

1. The Magistrate Judge is usually the Judge to give me the opportunity to ask for the Defendants in DISCOVERY of alleged evidence to support their statements:

a. That I had a Georgia driver's license in compliance with GA Laws.

b. That I had a USPS PO Box in Warren Robins, GA under the USPS policies.

**Both above require two different documents signed by me.**

**Argument and Authority:**

2. Count One: I have presented a copy of the document or form given to me as I have indicated by the DOR as noted in small print.

a. During the Discovery the Defense would have been given them the same opportunity to ask me to provide evidence that they would have wanted before trial.

3. I presented a GA Motor Vehicle Report [MVR] with a driver's license number given to me on the document above by the DOR in 2025.

a. The GA Department of Drivers Services [DDS] had given me the GA MVR, and no violations were indicated but it still has not proven that it was mine.

4. I was also asked to get my TN MVR which dates from 1998-2025 and I did.

a. The MVR report indicates that the person did not receive any violations.

5. I have informed this Court that I have never applied for or received a GA driver's license in 1999 or ever.

the

a. I did indicate that I was residing there in Warren Robbins less than 60 days as a contractor with Northrop-Grumman for about a month and another company for about a month at another time in 1999.

6. This is the Discovery phase, and I am asking for these documents.

a. Under F.R.C.P. 30, 34, and 36.

F.R.C.P. 26b – Duty to disclose and Rule 29 about length.

7. I need the KS AG or the Director of Dept. of Vehicle Division to present my two documents and signature of my GA driver's license under GA's Law.

a. Secondly, the KS AG or the DVD to present under the USPS PO Box policy of my mailbox that I had with that number listed or any number.

**V. State of Issue:**

**A. Fifth Issue:**

1. Judge Melgren wrote on Doc. 39 on 04/07/2026 that "no further extensions will be granted"; beyond 05/04/26.

a. First, I already had to Show Cause to not dismiss my claims against the DOR by 02/20/2026 from 02/09/2026. [Doc. 30] JUST ELEVEN DAYS.

b. Severson's Report and Recommendation on 02/23/2026 that the District Judge to dismiss my claims against the DOR pursuant to FRCP 4m in 14 days. [Doc. 31] UNDER 4m I HAD A LEGAL RIGHT DUE TO MY DISABILITIES.

c. On 03/10/2026, I had Motioned for an Extension of Time to show cause as Doc. 15 by me was not complete and I needed more Time to respond about my FRCP 4m was my disabilities and more things.

d. On 03/13/2026, Judge Melgren [Melgren] Ordered grant my motion for more time for me to Respond to Report and Recommendation re15 "Amended Complaint" deadline is less than one month or twenty-six days by April 9th.

e. On 03/19/2026 I filed an objection and a motion to correct the Amended Complaint. [Doc. 34] I WILL DISCUSS THIS AMENDED COMPLAINT LATER.

the

f. Order denying my objection and motion, but Severson also ignored my solution request. [Doc. 35]

g. On 04/01/2026 I presented six pages of my Response to Show Cause [30] why I had not served the then Secretary of the DOR. [Doc. 36]

2. In March-April 2026 I was given thirteen appointments for the month of May I learned after reviewing the emails, letters and text, and I needed to reschedule five appointments for another month in 2026. I had to visit two doctors per week, which I have never done in my entire life, and I had a healthcare worker come to help me once a week to move boxes into the garage using my dolly two hours a week. The Court was informed that I needed to get another PCP in 2026 after my conditions were injured visiting the DMV four times in 2025.

a. The Court was also informed that movers had removed boxes from a storage unit in October 2024 into the living room and den or bedroom.

b. The Court was told that I cannot normally type sitting up so I must pick the keys on my laptop with my one finger, leaning on my left side, and on my arm that is experiencing numbness that has increased with radiating pain. I informed the Court that my hands experience Tingling. I like to use my Paraffin Unit periodically during the day as it makes my hands feel better, but I cannot type during this treatment.

3. Not one of the two Judges has asked me under the federal statute to provide a copy of my medical records as proof of my disabilities. [45 CFR Part 84]

a. Secondly, Severson never gave me a reason for denying my motion for more time as she was supposed to do under the law another time I asked.

4. This Court was told that I must use my electric w/c 98% of the time to ambulate to all the rooms, to go to the mailbox, Amazon container, to the garage, to take the trash out and to ride to doctors' offices, clinics and hospitals in transportation vans.

the

a. I needed to have my second electric wheelchair [w/c] repaired. I finally got one repair shop to give my second w/c a diagnostic which needed batteries in May, then my original w/c needed to have the control tightened after I had taped it just to have it temporarily loosely held. I still had to order a newer control unit because the original one is old and the on-off switch is barely working. Now my second w/c has returned the seat was not snapped to hold.

b. I still needed a lift to be purchased and installed onto my SUV to prevent me from doing excessive walking and standing using my rollator to and from my apartment. When I get a ride to the cleaners and some other short visits then I use my rollator. If I had a lift, then my friend could drive me in my SUV to various places such as UPS to make a payment and show my ID.

c. I still need to visit a nail shop to get a pedicure since I cannot bend down or raise my leg to cut my nails. My toenails have caught on my shower curtain. I did purchase an extended toenail cutter, but I can only cut my big toenails.

5. I included some more Examples in Doc. 20.

**Arguments and Authorities:**

6. I needed to be referred to several specialists to treat me, and the Orthopedist gave me a list for Physical Therapist for my neck for the first time.

a. I have high Triglyceride and I was told to exercise thirty minutes a day so I usually go to the gym once a week for one hour and go swimming once a week for one hour, but I could not in May due to all of the appointments and I would like to make more visits one day.

7. The ADA of 1990 and Section 504 of the Rehabilitation Act of 1973.

a. No one is supposed to discriminate against a Handicap with a disability.

JUDGE MELGREN VIOLATED THREE FEDERAL LAWS POSSIBLY WRITING THAT AN ORDER OVERRIDES FEDERAL STATUTES AND GRANTING THE DEFENSE'S MOTION TO DISMISS MY CASE. NO LAW HAS SUPPORTED THIS DECISION.

**V. Statements of Issue:**

the

**A. Fifth Issue:**

1. I presented my Response to Show Cause to Doc.30 and why the Court should not have dismissed the DOR Defendant? [Doc. 36]

a. A supplement was submitted on [Doc. 37]

2. I asked the Disability Rights of Kansas [DRC] to help me to learn who the next in command was at the DOR since I learned that there was another Division for the Vehicles.

a. They helped me to get the present director's name, and I emailed them to get her address. I received an email, so I asked them to give me their address.

3. The Rule that I found above ask that a Court not to dismiss the case.

**VI. Statements of Issue:**

**A. Sixth Issue:**

32. Note the contradictory issue dates on the GA DDS [EX-1B], dated "09-Jul-2025", prior to my claims filed in August 2025 as evidence of me trying to resolve this issue with the AG and DOR:

b. **"Issued: 07-Apr-1999".**

c. **"Original Issue Date: 12-Jan-1999"?** WHICH IS THE TRUTHFUL DATE?

d. **"Non-Commercial Privilege: Suspended".** CONTRADICTS THE MVR.

NOTE THIS STATEMENT

e. "*****No Citation Information was found on this individual*****"

f. "Description: Safety Responsibility, Security" A SAFETY RESPONSIBILITY IS A GENERAL STATEMENT. LOOK AT MY EVIDENCE ABOUT SAFETY RESPONSIBILITY. [EX. 2C]

g. **"Violation Date: 20-Jan-1999"** NOTE TWO DIFFERENT VIOLATION DATES.

1) First, what happened to my $25.00 fee paid for the "Safety Responsibility" PAID PRIOR TO THE MVR?

the

2) Second, the State of GA has not proven that it has ever had my driver's license "application number" and the application number accepting my application for a driver's license under GA Law. [Rule 375-3-1-.01. Assignment of Customer Identification Number]

3) Third, the State of KS or GA has not proven that it has my "signature" or "picture" on my alleged GA driver's license under GA Law:

4) Fourth, I have always signed a one-year lease with an apartment, townhouse or a house prior to buying our house then I would sign a contract for a USPS PO Box, UPS Mailbox, or a private mailbox. The GA MVR has only indicated circumstantial evidence that is on the GA MVR: "PO BOX 1064, Warner Robbins, GA 31099...". THIS IS ONLY CIRCUMSTANTIAL HERESAY.

a) I have admitted that I rented an apartment at the address listed in the KS document but only for one month. I toured an airplane museum one day. The job that I had was only a temporary job for less than one month with a contractor for a Nashville company. I worked in OK [in OK City], AL [in Mobile for MAE and in Dothan], FL [in Twin Lakes], MO [in the St. Louis [Lambert] airport], AZ [in Phoenix], NC [in Greensboro], SC [in Greenville] for Lockheed-Martin, GA [in and outside of Warren Robbins for Northrop-Grumman] and Dallas and San Antonio in TX in 1998 and 1999. These were temporary jobs.

b) In 2000 I moved to Nashville, but I worked in Smyrna temporarily for a few months, which is about twenty miles outside of Nashville, with a permanent job while I visited the VHA in Nashville in January 2000. Nashville has a VA Regional Office [RO] while Warner Robbins has neither a VHA nor a VA Regional Office. This was my last job. I filed with the SSA in December 2000.

3) I could drive from Nashville south into Alabama then head west on a highway that led into Columbus, MS. Our mother passed away in 2006.

33. **GA Law: 40-2-90.** Operations of vehicles registered in other states.

(a) For purpose ...

the

"(1) 'Nonresident' means any person who does not reside in the State of Georgia...". I DID NOT ACCEPT ANY PERMANENT WORK IN GEORGIA AS MY COMPANY GAVE ME TWO JOBS FOR LESS THAN TWO MONTHS IN VARIOUS STATES.

(b) The State of GA was supposed to notify me in TN about the alleged suspension under GA Law, except they did not and KS did not assist me in this matter.

"(2) Motor vehicles by visitors ... for a period of 90 days... in the State...". I WORKED LESS THAN ONE MONTH AT TWO JOBS AND VISITED VARIOUS CITIES AND STATES MOSTLY WHERE I WAS STATIONED IN THE MILITARY IN MS, AL, MO, LA, CA AND GA, THEN I WOULD RETURN TO TN THEN MS. I REPEATEDLY DID THIS TO CHECK ON MY AND MY SIBLINGS MOTHER IN MS.

c. As I have indicated, living in Memphis was close for me and both or one of my daughters to travel to Columbus, MS to visit our mother/grandmother.

d. Secondly, I had already established myself with the VA and the VHA's in Tennessee starting with the VHA in Memphis in 1990-94. Memphis had a small VA Regional Office with one advisor while Nashville has a larger RO.

"(3) To be eligible for exemptions provided ..., a nonresident ... shall have fully complied with the laws... of the state ... where he resides... and plainly visible." I RESIDED IN TN AND MY CAR WAS REGISTERED IN TN AND HAD A TN LICENSE PLATE. NOTE THAT GA NEVER NOTIFIED MY TN STATE IN MY TN MVR, BUT IT NOTIFIED KS WITH FALSE INFORMATION AND NO VIOLATIONS.

34. **GA LAW**: "40-2-29. Registration and licensing plate required; required documentation; I HAD BOTH OF THESE FOR TN YET NONE WAS LISTED.

"(a) (1) ... a motor vehicle certificate of title... in Chapter 3...". I HAD THIS.

"(2) Satisfactory proof of owner's insurance coverage... 40-2-26." I HAD THIS.

35. **GA LAW**: "40-5-2. Keeping of records of application of licensing ...". NO RECORD HAS BEEN PROVIDED BY KS OR GA DDS OF ANY APPLICATION RECORDS BECAUSE THERE ISN'T ANY WHILE GA AND KS HAS An

the

OPPORTUNITY TO RESPOND TO MY REQUEST FOR EITHER ONE OF THEM TO PROVIDE OR NOT PROVIDE RECORDS.

**MY SHORT RELEVANT BIOGRAPHY:**

a. I got my first driver's license in 1964 at sixteen in St. Louis, MO, where I was born and raised until I was nineteen and a half years of age.

b. In July 1967 I joined the Army to become a helicopter pilot, and I was discharged in July 1971 in California [CA]. I got a CA driver's license in Inglewood, CA in1972. I worked at Lear Siegler Inc., at Garrett AiResearch Mfg., Lockheed Aircraft Mfg. and more other companies.

c. SKIP SOME YEARS: My wife and I plus my oldest daughter moved to Missouri [MO] where I got my second MO driver's license in 1977 where I worked at Hussmann's Refrigeration in Bridgeton, MO.

d. I moved to Wichita, KS where I got a KS driver's license in 1978 and I worked at Boeing Aircraft Mfg.

e. We moved back to CA where I got my second CA driver's license in 1980.

TO SKIP SOME YEARS

f. In 1985, me and my two oldest daughters moved into our new house that I bought in Lancaster, CA in 1985, which had four bedrooms and two baths on an acre of land. Northrop had begun to manufacturing its B-2 bomber near Lancaster after we had begun to work on it in the Hawthorne plant before that.

g. In 1989 my two oldest daughters and I visited me and my mother. In January 1990 we moved into a two-story apartment at 1228 Julius Lewis in Memphis. I visited the VHA in Memphis for my eye exam to get my TN driver's license in 1990. I still had my private mailbox in Memphis from 1998 and 1999, and my second oldest daughter was still living in Memphis until 2025.

OTHER GA LAWS

36. **GA O.C.G.A. Section 1-2-9: Rights of citizens of the United States...**

37. **GA O.C.G.A. Section 1-2-10: Rights of citizens of other states...to sue...**

the

38. **GA O.C.G.A. Section 30-4-1: Physically disabled person... subject to...**

a. I only have one disability with driving which is my left eye in 1999.

39. **GA O.C.G.A. Section 30-5-4-1: Discrimination and Retaliation relating to reports...**

40. **GA O.C.G.A. Section 30-5-11: Adult Abuse, Neglect, and Exploitation ...**

MORE RELEVANT GA LAWS:

41. **GA O.C.G.A. Section 40-5-1: (15) 'Resident' (B) "Any person who, except for infrequent, brief absences, has been present in the state for 30 or more days;** Based upon this information, I was not a resident, so I sued GA here in Case No. 6:25-cv-01184-EFM-BGS and Appeal Case No. 26-3109.

43. **(17) 'Suspension of driver's license' means the temporary withdrawal by formal action of the department of a person's license ... for a period specifically designated by the department.**

NOTE THAT I NEVER HAD A GA DRIVER'S LICENSE OR WAS I REQUIRED TO GET ONE AND TN HAD NOT BEEN NOTIFIED OF THIS ALLEGED SUSPENSION. THE GA DDS WAS SUPPOSED TO NOTIFY MY ADDRESS ON MY TN DRIVER'S LICENSE.

**More GA Authorities:**

44. **Department 375. Rules of Department of Driver Services [DDS]**

45. **Chapter 3, Driver License Services and General Services Subject 1.**

**a. Rule 375-3-1-.01. Assignment of Customer Identification Number.**

The KS AG nor the DOR of KS or the GA AG or the DDS of GA have not presented an "unique assignment number" to prove that I filed for a GA driver's license in 1999 or ever.

b. No one has presented any proof or evidence that I had a USPS PO Box in Warner Robbins either as I will present evidence of my mailboxes in CA and mostly TN. [EX. S1- S13, EX. S14-15 and EX. S16-17]

the

I AM ASKING UNDER A DISCOVERY FOR THE KS AG OR DIVISION OF VEHICLE TO PROVE THAT I HAD A GA DRIVER'S LICENSE AND PO BOX IN GA.

**E. Statement of Issue:**

**VII. Seventh Issue**

46. First, I informed this Court and the KS AG that I was handicapped with multiple disabilities, mostly caused in the Army in 1968, to my Cervical and Lumbar back.

a. The VHA in Memphis in 1990 diagnosed my lumbar [lower] area of my back with an IVDS due to an increase in the pain in 1988. [EX. 1A of my disabilities]

b. The Court was informed that I was granted my application at the Social Security Administration [SSA] in May 2001 retroactively in 2000 after I had presented my application in December 2000.

c. The Court and Defense was notified that I suffer with a partial blindness in my left eye since October 1971 and in 2009 the VHA diagnosed me with Glaucoma in my right eye.

d. I informed the Court in 2025 that I needed to have several teeth extracted and I had informed them that I was having difficulty finding a dentist.

g. I had a three-page GA MVR when we visited the DMV the second visit at the high Information Counter at the same DMV.

46. The Court had more than enough opportunities to look at my evidence.

47. In March 2026, I got a new PCP, and she with her nurse practitioner and nurse scheduled me with many appointments for my many conditions, so I asked the Court for an Extension in Time even though Melgren had ask me not to ask for more Time, illegally discriminating against me.

**Violating the ADA of 1990 and Section 504 of the Rehabilitation Act of 1973 is against the federal statutes.**

c. I was scheduled to visit in May a Rheumatologist, Orthopedist, Urologist, Neurologist, an Orthopedic surgeon, a Pain Management doctor, another

the

appointment with a Nurse Practitioner, a bone density image, an MRI of my cervical and lumbar areas, an x-ray of my right shoulder, a second appointment with my Pain Management doctor since he only prescribed medication for three weeks and I have once a week appointment with a Healthcare assistant to help with chores that I cannot do to include to drive my SUV to where I need to go.

1) I could drive myself to my doctors and clinics prior to my driving privilege being denied. My hospital appointments require too much walking so I would contact the transportation company for a ride once a year previously.

2) I cannot drive to the grocery stores to get 10 days of food and supplies, instead I must pay to order supplies to be delivered approximately every other day. My medications are delivered too whenever they are due because I cannot drive to pick them up at the drive through at the pharmacy and grocery stores. Some of my opioids were stolen.

d. I do not want to go outside of my apartment to visit a doctor, clinic or hospital more than once a week because I need to lie in bed, never like it was when I was younger. I need help changing my sheets as the mattress is thick.

e. I was prescribed seven new medications, and I did not know which medications were what, so I had to look them up after I had placed them into my medication holder or container that is not labeled. There are a total of ten pills and capsules and one over-the-counter acne liquid and a prescribed nasal spray both on my dresser. I hope to be able to one day to label the lids. In Nashville from 2000-23 I kept my medications in their bottles.

f. I had a VHA in 2000 in Nashville and my Medicare in 2001 and so I had two PCP's and both prescribing me medications and appointments to various doctors, but never have I had thirteen appointments in one month. I was prescribed as many as fourteen medications to be taken daily in Nashville, but I never received so many medications in one month and so many different appointments as in April and May 2026 then being prescribed in March 2026.

the

1) I had many conditions except that they occurred gradually, and the treatments occurred gradually so that by 2014 I had multiple disabling conditions that needed to be treated in a new city, confirmed and not aggravated as they were here at the DMV and by the Court.

h. I informed the Court of my Diarrhea that I am experiencing where I may have as many as three bowel movements a day due to the medications that I am taking. I need to learn how to take them and when.

**VII. Seventh Issues:**

49. I had informed the Court of the Information Counter, which is an L-shaped, and in violation of the federal building code. I sat down in my collapsible seat on my rollator as I always do rather than stand. They never referred me to the lower counter, unseen from where I was sitting or standing.

**Argument and Authorities:**

a. The AAG [Todd] never acknowledged the Information Counter was too high or of being in violation of the Access Code and to correct the violation.

b. I, as I listed in my original complaint, had indicated my biracial status while Todd denied that I had. Defamation/libelous statements alleging that I had not listed my "nationality" and "color". I REPORTED HIM TO THE PROFESSIONAL...

c. Todd conspired with the Court to falsely allege that I had motioned to amend my claims. [Doc. 17 and Doc. 18] THERE IS NO AMENDED COMPLAINT

**IX. Eighth Issue:**

50. I never motioned to Amend my complaints as indicated in:

[Doc. 13, 14, 15, 16, 17, 18, 31, 32 and any other Doc.] THAT LIST AMENDED COMPLAINT. They need to be amended back to my original complaint.

**X. Ninth Issue:**

NOTE AT BOTTOM: "kanlicense.kdor.ks.gov" [IS THE KS DOR.] 10/10/2025? [EX. -1H]

the

3. The GA MVR indicated that it had a "suspension" in 1999 except it did not list the type of violation as it is supposed to under GA state laws.

II. **Statement of Facts Relevant to the Issues Presented for Review.**

A. I filed racial, sexual, and discrimination for me a Handicap with multiple disabilities.

a. Access Board under the Architectural Barriers Act of 1968; 42 USC SECTION 12204 and 42 USC SECTION 12134.

a. The AAG Todd for the AG in his official capacity claims the highest counter is the DORs in their official capacity responsibility, but I am communicating with Kansas Division of Vehicles [KDOV].
[Shaw v. Smith, in the U.S. Court of Appeals, 2026]

**Arguments and Authorities:**

The KS DOR first wasted my time, over a year, and defamed me where I had to file two court cases against KS and GA to prove that I was a resident of Tennessee since 1990. I took temporary work in several states of AL, FL, OK, TX, AZ, MO, NC, and SC as a contractor for a company in Nashville, TN in 1998 and 1999.

a. The KS DOR did not know that I am a Handicapped veteran with now multiple disabilities and medical records so that my time is very important because I must visit many doctors for treatments, but my application also this time for a KS driver's license was denied based on irresponsible and an unprofessional illegal Secretary of the KDOR, KAG and the KDOV.

b. The Attorney General [AG] of KS needs to stop giving the Secretary of the DOR funds for not correctly adding an Information Counter height under the DOR after they added a lower counter in the waiting area and not stopping discriminating against people like me, while entering.

1) The AG should make certain that every agency in the state is complying with not discriminating against anyone based on their race, sex, age and disabilities but he has not after I filed my claims in August of 2025.

the

PROOF:

g. **Note: [EX.-Z1] IN DOC. 26-1.**

1) a list of suspensions not for me after a fee of $8.00 was paid which was listed on page 1. [EX-Z1, EX-Z2 in Doc. 26-1]

i. I gave EX. – 1H

a. I could have motioned the Court to allow me to amend my petitions when the Court takes Leave. [F.R.C.P. 15(2)] [Copy of F.R.C.P. 15 b. **[F.R.C.P. 5 (D).**

1. Doc. 13-1 is the second Civil Complaint form, numbered page 1-8.

a. Where page 8 is the "Civil Cover Sheet".

3. It is only numbered 1-6 while it is just a copy of 13-1.

4. The clerk copied the same Civil Cover Sheet above, numbered page 8, except it is here number 1 of 1. [Doc. 16]

D. Clerks are not attorneys so Severson and the Defense Attorney should see the clerks' mistake while they join in.

1. I read a Rule that states that if a clerk makes a mistake, it will not change the facts except, I cannot remember the rule number.

a. Under Federal Rules of Evidence, Rule 102. Purpose.

2. The Defense Attorney Todd continues in his Memorandum on Doc. 18 to only refer to Doc. 15, as my "Amended Complaint".

a. Defamation is against the law,

3. Smith-Parker v. Williams, ... was a prisoner who did motion to amend his claim, which is irrelevant to my case, but something I did not do.

a. Doc. 20-6 of Willie Jerome Smith-Parker v. Tommy Williams, Case No. 25-3095-JWL, EX-H1.

**XI. Tenth Issue:** My Declaratory Decree was violated by the Court and Judges.

the

A. I have to cook my meals from my w/c, which takes time, which means that I must purchase my food and other necessary products online. Some foods take longer when I deep fry them and bake them compared to some foods that I can microwave.

1. I have to clean the kitchen the most from my w/c, especially after I cook, which includes the stove, counters, sink and floor.

a. Cleaning the bathroom does not get as dirty as the kitchen, and I cannot steam-clean the carpet anymore so I will have to hire someone again soon.

C. My left arm has been suffering with a Numbness condition since the 80's where I cannot hold my head up for very long while watching the tv leaning or view my laptop, but recently the pain has increased so much that the pain will not stop unless I turn over back to my right side then I must sit up to try to make it stop. It's better for me to get in my w/c until the pain disappears.

1. I am going to talk to my Nurse Practitioner [NP] next Thursday to be referred to a Neurosurgeon to learn more about which nerve is causing this problem.

a. As I have stated that I need to get a copy of the Nerve tests that were done by the technologist and the Neurologist in April or May 2026.

C. An employee with the Kansas Department of Revenue [KDOR]/Division of Vehicle [DOV] has this week on Friday 28th, responded to my question this week about their physical address.

1. I have the Director's name, and I just received the address of the agency in August 2026 that is acknowledging for being responsible for the defamatory statements in the document from the KS DMV in 2025 to be served by the Marshal's Service, as soon as the Appeals Court authorizes me.

a. I have a right to a jury trial under the Seventh Amendment.

Thank you.

Sincerely,

s/ CE Watson,

the

Carl E. Watson,

7130 W Maple St., Ste 230,

PMB 241,

Wichita, KS 67209.

cewatsonengr@aol.com.

913-712-0194.

the

CERTIFICATE OF SERVICE

The following transaction was sent by Carl E. Watson on 09/01/2026 at 12pm CST.

I hereby certify that on Sept. 01, 2026, I did not electronically file the foregoing with the Court using CM/ECF.

This was sent through FedEx to the Court's clerk on 09/01/2026.

Represented by:

1. The defendant is the Attorney General [AG] of Kansas, Kris Kobach, at 120 SW 10th Ave., 2nd Floor, Topeka, KS 66612.

a. Represent: Atty. Assistant Attorney General James E. Todd, james.todd@ag.ks.gov

2. The Kansas Department of Revenue, 915 S.W. Harrison Street, Topeka, KS 66611.

a. Director of the Division of Vehicle.

Sincerely,

s/ C.E. Watson, Pro se party,

Carl E. Watson has registered with the District Court, and my registration has been accepted and approved.

Thank you.

Sincerely,

Email: cewatsonengr@aol.com

Address: 7130 W. Maple St., Ste 230, PMB 241,

Wichita, KS 67209.

913-712-0194.

earthsmart

FedEx carbon-neutral envelope shipping

Align top of FedEx Express® shipping label here.

ORIGIN ID:RSLA (316) 794-9448
CARL WATSON

APT 11
11629 E GEMSTONE LN APT 11
WICHITA, KS 67226
UNITED STATES US

SHIP DATE: 02SEP26
ACTWGT: 0.30 LB
CAD: 6570327/ROSA2710

BILL THIRD PARTY

TO CLERKS OFFICE
BYRON WHITE COURT HOUSE
1823 STOUT STREET

DENVER CO 80257

(303) 844-3157 REF:
INV:
PO: DEPT:

FedEx Express

E

TRK# 0201 8766 4934 4928

THU - 03 SEP 10:30A
PRIORITY OVERNIGHT

XS FOLA

80257
CO-US DEN

PRIORITY OVERNIGHT
324-1001

Scanned by
US Marshal